ADKINS, Justice,
dissenting.
In my opinion a public reprimand is the proper discipline to be imposed upon respondent.
Punishment imposed upon an attorney in grievance procedures should be tailored to fit the nature of the conduct as well as the character of the individual. The majority seems to be more interested in punishment for the conduct than consideration for the nature and character of the lawyer involved. No one would have a suit of clothes with well tailored trousers, but a coat that wraps around the individual twice *480 and hides all of the workmanship in the well fitting trousers.
The respondent, Francis W. Blankner, 59 years of age, was admitted to the practice of law in 1949, and has been an active lawyer in Orlando, Florida, since that date. He served in the armed forces in the Pacific during World War II as a radar operator and aerial gunner aboard a B-29 bomber, and was a recipient of the Purple Heart. He was honorably discharged at the end of the war and returned to Orlando, Florida.
Respondent is a family man. His wife suffered a debilitating stroke in the late 1960’s and is not employed outside the home. He is the father of three children. His oldest son is a practicing attorney, his daughter is employed as a mechanical engineer for Ford Motor Company in Michigan, his youngest son is employed as a mechanical engineer for the Orlando Utilities Commission. Respondent resides with his wife and his 89-year-old mother-in-law. He has provided a home and support for his mother-in-law.
Respondent pled guilty to a misdemeanor in federal court. The judge placed him on 'probation for a period of five years and imposed a fine of $10,000 to be paid $2,000 annually until paid.
The referee in the grievance proceeding recommended a 60-day suspension from the practice of law with automatic reinstatement and a public reprimand. The referee found that respondent had an impeccable professional, social and military record, and that respondent had no disciplinary history.
His financial difficulty arose while he was the sole support for his wife, his aged mother-in-law, and his three children. During the period of time within which his income tax returns were not filed, he was providing financial support for the college education of his three children. Funds were borrowed from friends and relatives to defray living and college expenses. Of course, his financial problems were no excuse for failure to file his income tax returns; however, such circumstances should be taken into consideration when the Court is considering the proper disciplinary action in grievance procedures.
Every lawyer knows that he is required to file an income tax return and his failure to do so will result in punishment by the federal authorities. We should not be concerned with aiding the federal government in enforcing the tax laws. Our only concern is the ability of the individual to represent any member of the public in accordance with the Rules of Professional Conduct.
I approach this proceeding with the thought that respondent has committed a misdemeanor. Where an attorney has a previous record of disciplinary problems and has displayed no interest or concern for his family, the publicity involved in an income tax criminal charge would mean nothing. On the other hand, the criminal charge in federal court against respondent has been a trauma, not only to him, but to each member of his family. The grievance proceedings have probably been even a greater trauma.
A reprimand in this case would be a deterrent to every reputable lawyer.
The federal judge believes that probation and a fine were sufficient punishment for a violation of these federal laws. It seems ridiculous for us to paint The Florida Bar with a broader brush of holiness by suspending the respondent from the practice of law. A public reprimand is fair to The Florida Bar, to the respondent, and is sufficient deterrent to others.